UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

DURWYN TALLEY,
    Plaintiff,

vs.                                      11-1368

PONTIAC CORRECTIONAL CENTER,
    Defendants.

## MERIT REVIEW ORDER

      The Plaintiff originally filed his complaint on October 4, 3011 against 28 Defendants at three different correctional centers. [d/e 1] On October 28, 2011, the court advised the Plaintiff that he could not bring unrelated claims against unrelated Defendants in the same lawsuit.  See October 28, 2011 Text Order.  The court dismissed the Plaintiff's complaint as a violation of Federal Rules of Civil Procedure 18 and 20 and gave the Plaintiff additional time to file an amended complaint.  The Plaintiff has now complied with that order.

      The court is still required by 28 U.S.C. §1915A to "screen" the Plaintiff's amended complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted.  A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

      The Plaintiff, a state prisoner, has filed his amended complaint pursuant to 42 U.S.C. §1983 claiming that his constitutional rights were violated at Pontiac Correctional Center.  The Plaintiff has named Dr. Tilden, Nurse Joyce, Officer Salzman, Counselor Flex and Chaplain Kenneth as Defendants.  Since the amended complaint replaces the original complaint,  the clerk of the court will be directed to dismiss all other Defendants named in the original complaint.

      Although the Plaintiff did limit his claims to one correctional center, he has still included a wide variety of unrelated claims against unrelated Defendants.  The Plaintiff begins his claims with an incident that occurred on August 12, 2011.  The Plaintiff says Officer Salzman retaliated against him when the officer failed to provide the Plaintiff with some of the publications he ordered.   The Plaintiff says the retaliation continued two months later when the officer refused to allow him medical books he ordered.   The Plaintiff has failed to articulate a retaliation claim in violation of the First Amendment.  To prevail on this claim, the Plaintiff must show that "(1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future"; and (3) there is a causal connection between the two. *Bridges v Gilbert,* 557 F.3d 541, 546 (7th Cir. 2009).  The Plaintiff has failed to state what activity prompted the retaliatory conduct.

The Plaintiff claims that on August 24, 2011, he was "infected with a virus or bacteria by Nurse Joyce as Dr. Tilden looked on." (Amd. Comp., p. 6). The Plaintiff says he became very ill with a fever and severe pains that he claims have never gone away. The Plaintiff says Dr. Tilden refused to provide treatment despite his complaints.

Allegations that a prison official knowingly exposed an inmate to an infectious disease that might cause him future harm states a claim for deliberate indifference to a serious medical need. *See Helling v McKinney*, 509 U.S. 25, 35 (1993); *see also Forbes v Edgar*, 112 F.3d 262, 266 (7th Cir. 1997). Its also possible the claimed injection may have contained medication of some sort. The Supreme Court has held that a prisoner has "a significant liberty interest in avoiding unwanted administration of antipsychotic drugs under the Due Process Clause of the Fourteenth Amendment." *Washington v Harper*, 494 U.S. 210, 221-22 (1990). However, the "Clause permits the State to treat a prison inmate who has a serious mental health illness with antipsychotic drugs against his will, if the inmate is dangerous to himself of others and the treatment is in the inmate's medical interest. *Id* at 227; *see also Fuller v Dillon*, 236 F.3d 876, 881-82 (7th Cir. 2001).

It is unknown at this point what substance was injected into the Plaintiff's body, but at this stage of the litigation, the court cannot rule out the possibility that the Plaintiff has stated a claim against Defendants Nurse Joyce and Dr. Tilden. *See Rushing v Gerst*, 2011 WL 721519 at 2 (S.D.Ill. Feb. 23, 2011)( Plaintiff allowed to proceed with claim of unknown injection because "Court cannot rule out the possibility that Plaintiff may have been give an antipsychotic drug without his consent or injected with some substance that could cause disease, implausible as it may seem.")

The Plaintiff also he suffers from a variety of medical problems including glaucoma, asthma, severe alleges and severe gastrointestinal reflux disease. (Amd. Comp, p. 6). The Plaintiff claims Dr. Tilden "refused to treat my asthma, test me for allergies or give me a GI, gastrointestinal test."(Amd. Comp., p. 7) The Plaintiff further says Dr. Tilden prescribed an antibiotic "unnecessarily in an attempt to further ruin my health." (Amd. Comp., p 7) While a prisoner has the right to medical care, he does not have the right to determine the type and scope of the medical care he personally desires. The Eighth Amendment does not require that prisoners receive "unqualified access to healthcare." *Hudson v. McMillian*, 503 U.S. 1, 9 (1992); *see also, Hernandez v. Keane*, 341 F.3d 137 (2d Cir. 2003). Rather, inmates are entitled only to "adequate medical care." *Boyce v. Moore*, 314 F.3d 884, 888-89 (7th Cir. 2002). The Plaintiff's bare allegations do not rise to the level of a constitutional violation.

The Plaintiff also claims he was taken to an outside eye doctor in Peoria, Illinois who pressed something hard against his left eye. As a result, the Plaintiff says he began having eye problems. "This was done to me in retaliation for grievances I've filed against staff and officials of Wexford Medical Services." (Amd. Comp., p. 8) The Plaintiff's conclusory claim is not sufficient. *Airborne Beepers & Video, Inc. v. A.T. & T Mobility LLC*, 499 F.3d 663, 667 (7th Cir.

2007)("at some point the factual detail in a complaint may be so sketchy that the complaint does not provide the type of notice of the claim to which the defendant is entitled under Rule 8"). The Plaintiff does not identify the eye doctor, nor explain his connection to Wexford Health Source. In addition, it is not clear from the Plaintiff's complaint how an outside doctor that does not work at the correctional center would have any knowledge of the prison's grievance procedures. *See Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 557(2007)(a complaint must do more than provide a "naked assertion" devoid of "further factual enhancement."); *see also Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009)("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.")

The Plaintiff next alleges that Counselor Flex began retaliating against him by refusing to provide a copy of his trust fund ledgers and destroying grievances he filed. Again, the Plaintiff has failed to identify in his complaint what activity sparked the claimed retaliation. The Plaintiff must have engaged in activity protected by the First Amendment and there must be some connection between that activity and the claimed retaliation. See *Bridges,* 557 F.3d at 546.

Finally, the Plaintiff says he was denied his religious diet by Chaplain Kennell. The Plaintiff does not clearly identify his religion or his required diet in the body of his complaint. Nonetheless, the Plaintiff can not combine this claim with his unrelated claim involving an injection administered by Defendants Nurse Joyce and Dr. Tilden. As the court has previously explained, a prisoner may not "dodge" the fee payment or three strikes provisions in the Prison Litigation Reform Act by filing unrelated claims against different defendants in one lawsuit. *George v. Smith,* 507 F.3d 605, 607, (7th Cir. 2007). "[M]ultiple claims against a single party are fine, but a Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *Id.* at 606.

Therefore, the Plaintiff has one surviving claim involving the forced injection he claims to have received from Defendants Nurse Joyce and Dr. Tilden on August 24, 2011. It is not clear to the court that the Plaintiff can demonstrate that he exhausted his administrative remedies for this claim. However, failure to exhaust is an affirmative defense, and therefore the court will not address this issue at this point in the litigation. *See Jones v Bock,* 549 U.S. 199 (2007).

**IT IS THEREFORE ORDERED:**

**1) Pursuant to its merit review of the complaint under 28 U.S.C. Section 1915A, the court finds that the Plaintiff has alleged that Defendants Nurse Joyce and Dr. Tilden violated his constitutional rights when they injected the Plaintiff with an unknown substance without his consent on August 24 , 2009 which caused him to become ill.**

**2) All other claims based on federal law, other than those set forth in paragraph one**

above, are dismissed for failure to state a claim pursuant to 28 U.S.C. Section 1915A.  The Clerk of the Court is directed to dismiss all other Defendants for failure to state a claim upon which relief can be granted.

3)  This case shall proceed solely on those federal claims identified in paragraph one above.  Any claims not set forth in paragraph one above shall not be included in the case, except in the court's discretion on motion by a party for good cause shown, or by leave of court pursuant to Federal Rule of Civil Procedure 15.

4) A Prisoner Scheduling Order shall be entered directing service and setting a Rule 16 conference date.

5)  A copy of this Case Management Order shall be served with the Complaint and Scheduling Order.

6)  The Defendants shall file an answer within the time prescribed by Local Rule.  A motion to dismiss is not an answer.  The answer must be considered a responsive pleading under Federal Rule of Civil Procedure 15(a) and should include all defenses appropriate under the Federal Rules.  The answer and subsequent pleadings shall be to the issues and claims stated in this Case Management Order.

    Entered this 9th Day of December, 2011.


                        s/James E. Shadid
                        _____
                           JAMES E. SHADID
                       UNITED STATES DISTRICT JUDGE